IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Elsie Marie Allen, as Personal Representative of the Estate of Donna Lea Swaim, | ) ) ) ) | C.A. No. 6:04-2327-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Greenville Hotel Partners, Inc., and R.G. Hospitality, LLC, and Ronald Gedda, and Choice Hotels International, Inc., and R.G. Properties, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| Kieth Barfield, as Personal Representative of the Estate of Allison Barfield | ) ) ) | C.A. No. 6:04-1260-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Choice Hotels International, Inc., RG Hospitality, LLC, Greenville Hotel Partners Inc., Ronald Gedda, and RG Properties, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

1

| | |
|---|---|
| William E. Harrell, Jr., ) | |
| ) | C.A. No. 6:04-2328-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Greenville Hotel Partners, Inc., and R.G. ) | |
| Hospitality, LLC, and Ronald Gedda, and ) | |
| Choice Hotels International, Inc., and R.G. ) | |
| Properties, LLC, ) | |
| ) | |
| Defendants. ) | |
| -------------------------------------------------- ) | |
| Nicholas R. Wilkerson, ) | |
| ) | C.A. No. 6:05-2142-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Greenville Hotel Partners, Inc., R.G. ) | |
| Hospitality, LLC, Ronald Gedda, Choice ) | |
| Hotels International, Inc., and R.G. ) | |
| Properties, LLC, ) | |
| ) | |
| Defendants. ) | |

**OPINION & ORDER**

This matter is before the court on the Plaintiffs' supplemental motion to reconsider the court's grant of summary judgment to Choice Hotels International, Inc. ("Choice") (motion hereinafter "Supplemental Motion to Reconsider") and motion to stay the cases, close the cases for statistical purposes, and certify three questions to the Supreme Court of South Carolina ("Motion to Stay"). For the reasons stated below, the court denies the Plaintiffs' motions.

## I. Factual and Procedural Background

The factual and procedural histories of these cases have been set forth in detail in this court's orders and opinions granting summary judgment to Choice, which were entered on January 12, 2006 ("January Order"), in civil action numbers 04-cv-1260 ("Barfield Action"), 04-cv-2727 ("Allen Action"), and 04-cv-2728 ("Harrell Action"), and on April 5, 2006 ("April Order"), in civil action number 05-cv-2142 ("Wilkerson Action"). In the Barfield, Allen, and Harrell Actions, the Plaintiffs filed a motion for reconsideration on January 27, 2006, which the court denied on January 30, 2006.

In all four of the pending actions, the Plaintiffs filed the Supplemental Motion to Reconsider on April 11, 2006, and the Motion to Stay on April 12, 2006. Choice filed its responses in opposition to the two motions on May 1, 2006, to which the Plaintiffs did not reply.

## II. Discussion of the Law

In their Supplemental Motion to Reconsider, the Plaintiffs contend that "new evidence concerning Choice's knowledge of the security problem at the Comfort Inn has come to light" and that this new evidence warrants reconsideration of the court's grant of summary judgment to Choice. (Pls.' Supp. Mot. Recons. 2.) The evidence to which the Plaintiffs refer consists of affidavits by Leah Ferraro ("Ferraro") and Matthew Ross ("Ross") which support the proposition that Choice knew or should have known about a problem with a malfunctioning lock on the back door of the hotel at issue in this case ("Comfort Inn"). Ferraro, a desk clerk at the Comfort Inn, claims that she made numerous maintenance requests on the hotel's computer system, a "profit manager system" that Choice can review for purposes of tracking of room vacancies. (Id. Ex. A (Ferraro Aff. ¶ 7).) Furthermore, in response to queries from

hotel guests about the malfunctioning lock, Ferraro asserts that she instructed them to notify Choice of the issue directly, through completing evaluation cards and contacting Choice by telephone. (Id.) Finally, Ross states that he called Choice and spoke with a representative about the "security and safety issues presented to [Ferraro]," and "[t]he representative assured [him] that the security and safety problem posed by the door would be addressed by Choice Hotels International." (Id. Ex. B (Ross Aff. ¶ 6).) Based on this evidence, which Choice disputes, the Plaintiffs contend that Choice had and exercised control over the hotel and voluntarily assumed a duty to the Plaintiffs in this case when Choice's customer service representative stated that Choice would "address" the problem with the lock. (Id. 4-5 & Ex. B (Ross. Aff. ¶ 6).) However, the Plaintiffs' arguments are without merit.

In the January Order, the court explained that "upon viewing the evidence of Choice's role at the Comfort Inn, including the Agreement, the Comfort Inn Rules and Regulations Instructions ('Rules and Regulations'), and Choice's interaction with the Comfort Inn pursuant to the Agreement, the court finds that the relationship [is] not unlike typical franchisor-franchisee relationships." (Jan. Order 8 (internal quotation marks omitted).) As such, the court found that Choice could not be liable under either a theory of direct or vicarious liability in negligence.

Concerning the Plaintiffs' argument that Choice could be liable directly, the court noted that neither the franchise agreement nor the Rules and Regulations "establish[es] that Choice operated the Comfort Inn or controlled its life safety systems. Rather, RGH and Gedda operated the Comfort Inn under the Rules and Regulations set forth by Choice." (Id. 9.) Further, the court found that the purpose of Choice's Rules and Regulations was to ensure

4

a similar experience at all Comfort Inn franchise locations and to maintain uniform service within, and public good will toward, the Choice system, and that Choice's making recommendations and requiring renovations did not amount to Choice exerting sufficient control over the franchisees such that Choice owed a duty to the Plaintiffs. (Id. 9-10.) Moreover, the court found that Choice "did not voluntarily undertake a duty to the Plaintiffs to provide fire protection, but merely guarded its trademark by assuring uniform appearance and operations of hotels operating under the Comfort Inn mark." (Id. 10.) Finally, with respect to the Plaintiffs' claims that Choice and the franchisees were in an agency relationship, the court concluded that "Choice did not control the hotel's daily operations or hotel security and life safety systems," but "merely maintained uniform service within, and public good will toward, the [Choice] system." (Id. 14 (internal quotation marks omitted).)

The Rules and Regulations governing the relationship between Choice and its franchisees require Choice to forward any complaints from guests received by the Customer Relations Department to the hotel's management, employees of the franchisees, and the franchisees are required to respond to all guest complaints. (Pls.' Mem. Opp'n Summ. J. Ex. R. (Rules and Regulations ¶ 816).) The Plaintiffs' arguments and evidence do not alter the court's analysis and conclusion set forth in the January Order with respect to the relationship between Choice and its franchisees. The relationship is typical of a franchisor and its franchisees, and Choice's forwarding complaints to the franchisees for resolution is merely a quality control measure set forth in the Rules and Regulations. The evidence submitted by the Plaintiffs in the Supplemental Motion to Reconsider, assuming that it is true, merely confirms that the arrangement set forth in the Rules and Regulations was functioning properly and does

5

not create any duty of Choice towards the Plaintiffs, either by showing that Choice controlled the franchisee or by showing that Choice voluntarily assumed a duty to remedy the malfunctioning lock.  Therefore, the Plaintiffs' Supplemental Motion for Reconsideration is without merit.

The Plaintiffs' Motion to Stay is also without merit.  The Plaintiffs claim that there are thirteen actions pending in the Court of Common Pleas of Greenville County, South Carolina, which are on a track "slightly behind" the cases pending in this court and that a stay would facilitate a potential settlement.  (Pls.' Mot. Stay 2-3.)  Further, the Plaintiffs assert that this court should certify three questions to the Supreme Court of South Carolina, as those questions are likely to be addressed eventually by that court in the state court actions.  (Id. 5-6.)  Choice raises numerous arguments in opposition to the Plaintiffs' request that the court certify questions, to which the Plaintiffs made no reply.  Upon careful review, the court denies the Motion to Stay.

It is therefore

**ORDERED** that the Plaintiffs' Supplemental Motion to Reconsider, docket number 101 in the Barfield Action, docket number 87 in the Allen Action, docket number 88 in the Harrell Action, and docket number 46 in the Wilkerson Action, is denied.  It is further

**ORDERED** that the Plaintiffs' Motion to Stay, docket number 103 in the Barfield Action, docket number 89 in the Allen Action, docket number 90 in the Harrell Action, and docket number 48 in the Wilkerson Action, is denied.

**IT IS SO ORDERED.**

                                      s/Henry M. Herlong, Jr.
                                      United States District Judge

Greenville, South Carolina
May 17, 2006