IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Elsie Marie Allen, as Personal Representative of the Estate of Donna Lea Swaim, | ) ) ) ) | C.A. No. 6:04-2327-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Greenville Hotel Partners, Inc., and R.G. Hospitality, LLC, and Ronald Gedda, and Choice Hotels International, Inc., and R.G. Properties, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| Kieth Barfield, as Personal Representative of the Estate of Allison Barfield, | ) ) ) | C.A. No. 6:04-1260-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Choice Hotels International, Inc., RG Hospitality, LLC, Greenville Hotel Partners Inc., Ronald Gedda, and RG Properties, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

1

| | |
|---|---|
| William E. Harrell, Jr., ) | |
| ) | C.A. No. 6:04-2328-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Greenville Hotel Partners, Inc., and R.G. ) | |
| Hospitality, LLC, and Ronald Gedda, and ) | |
| Choice Hotels International, Inc., and R.G. ) | |
| Properties, LLC, ) | |
| ) | |
| Defendants. ) | |
| ----------------------------------------------------- ) | |
| Nicholas R. Wilkerson, ) | |
| ) | C.A. No. 6:05-2142-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Greenville Hotel Partners, Inc., R.G. ) | |
| Hospitality, LLC, Ronald Gedda, Choice ) | |
| Hotels International, Inc., and R.G. ) | |
| Properties, LLC, ) | |
| ) | |
| Defendants. ) | |

## OPINION & ORDER

This matter is before the court on the Plaintiffs' motion to reconsider the court's grant of summary judgment to Choice Hotels International, Inc. ("Choice") (motion hereinafter "Motion to Reconsider"). For the reasons stated below, the court denies the Plaintiffs' motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural histories of these cases have been set forth in detail in this court's orders and opinions granting summary judgment to Choice, which were entered on January 12, 2006 ("January Order"), in civil action numbers 04-cv-1260 ("Barfield Action"),

2

04-cv-2727 ("Allen Action"), and 04-cv-2728 ("Harrell Action"), and on April 5, 2006, in civil action number 05-cv-2142 ("Wilkerson Action"). In the Barfield, Allen, and Harrell Actions, the Plaintiffs filed a motion for reconsideration on January 27, 2006, which the court denied on January 30, 2006. In all four of the pending actions, the Plaintiffs filed a supplemental motion to reconsider on April 11, 2006, which the court denied on May 18, 2006.

On November 1, 2006, the Plaintiffs made an oral motion to stay entry of judgment with regard to Choice, which the court granted. On February 28, 2007, the Plaintiffs filed the instant motion for reconsideration. Choice filed a response on March 15, 2007, and the Plaintiffs filed a reply on March 26, 2007.

## II. DISCUSSION OF THE LAW

In support of their Motion to Reconsider, the Plaintiffs submit the February 20, 2007, order of the South Carolina Court of Common Pleas, for Greenville County, South Carolina ("State Court Order"). (Pls.' Mot. Recons. 2.) In the State Court Order, the court denied Choice's motion for summary judgment in a number of related cases arising from the same hotel fire. (Id. Ex. B (State Court Order 14).) The state court specifically found that the question of whether Choice owed the Plaintiffs a duty of care "presented a mixed question of law and fact to be resolved by the fact finder." (Id. Ex. B (State Court Order 6).)

In the January Order, the court explained that "upon viewing the evidence of Choice's role at the Comfort Inn, including the Agreement, the Comfort Inn Rules and Regulations Instructions ('Rules and Regulations'), and Choice's interaction with the Comfort Inn pursuant to the Agreement, the court finds that the relationship [is] not unlike typical

franchisor-franchisee relationships." (Jan. Order 8 (internal quotation marks omitted).) As such, the court found that Choice could not be liable under either a theory of direct or vicarious liability in negligence.

Concerning the Plaintiffs' argument that Choice could be liable directly, the court noted that neither the franchise agreement nor the Rules and Regulations "establish[es] that Choice operated the Comfort Inn or controlled its life safety systems. Rather, RGH and Gedda operated the Comfort Inn under the Rules and Regulations set forth by Choice." (Id. 9.) Further, the court found that the purpose of Choice's Rules and Regulations was to ensure a similar experience at all Comfort Inn franchise locations and to maintain uniform service within, and public good will toward, the Choice system, and that Choice's making recommendations and requiring renovations did not amount to Choice exerting sufficient control over the franchisees such that Choice owed a duty to the Plaintiffs. (Id. 9-10.) Moreover, the court found that Choice "did not voluntarily undertake a duty to the Plaintiffs to provide fire protection, but merely guarded its trademark by assuring uniform appearance and operations of hotels operating under the Comfort Inn mark." (Id. 10.) Finally, with respect to the Plaintiffs' claims that Choice and the franchisees were in an agency relationship, the court concluded that "Choice did not control the hotel's daily operations or hotel security and life safety systems," but "merely maintained uniform service within, and public good will toward, the [Choice] system." (Id. 14 (internal quotation marks omitted).)

The State Court Order does not alter the court's analysis and conclusion set forth in the January Order with respect to the relationship between Choice and its franchisees, and the court "is not bound by a state trial court's decision on matters of state law." Twin City Fire

4

Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of South Carolina, 433 F.3d 365, 370 (4th Cir. 2005); see also King v. Order of United Commercial Travelers of Am., 333 U.S. 153, 161 (1948) ("[A] Court of Common Pleas does not appear to have such importance and competence within South Carolina's own judicial system that its decisions should be taken as authoritative expositions of that State's law." (internal quotation marks omitted)).  The relationship between Choice and the Comfort Inn is typical of a franchisor and its franchisees.  Therefore, the Plaintiffs' Motion for Reconsideration is denied.

It is therefore

**ORDERED** that the Plaintiffs' Motion to Reconsider, docket number 152 in the Barfield Action, docket number 143 in the Allen Action, docket number 140 in the Harrell Action, and docket number 95 in the Wilkerson Action, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
April 04, 2007